Francis J. Christman and Elsa Christman, Plaintiffs-Appellants, v. Board of Education of Consolidated Grade School District Number 32 of County of Vermilion and State of Illinois, Defendant-Appellee.

Gen. No. 9,808.

Opinion filed June 10, 1952. Released for publication July 7, 1952.

BOOKWALTER, CARTER, GUNN & HICKMAN, of Danville, for appellants.

ACTON, ACTON, BALDWIN & BOOKWALTER, of Danville, for appellee; W. M. ACTON, and HARVEY H. ACTON, both of Danville, of counsel.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an action for a declaratory judgment brought by plaintiffs-appellants Francis J. Christman and Elsa Christman, parents of a handicapped child, against defendant-appellee Board of Education of Consolidated Grade School District No. 32 of the County of Vermilion and State of Illinois, to recover the cost of transporting such child to and from another district. The court awarded plaintiffs the sum of $900 from which judgment they appeal.

The complaint substantially charges that plaintiffs are residents of defendant district and are parents of a

son, Thomas, who has been deaf since his birth, August 29, 1942, and who qualifies as a physically-handicapped child as defined by the school law; that defendant district has not established and maintained special educational facilities for the training and education of physically-handicapped children, but that such a school is maintained in Champaign, Illinois, a distance of about fifty miles; that plaintiffs caused said child to attend such Champaign school for the school years 1945–46, 1946–47, 1947–48, 1948–49 and 1949–50; that because the use of public transportation facilities was not practicable under the circumstances, they took such child to Champaign by automobile in the morning and called for him in the afternoon, thus driving 200 miles each day; that the actual expense of transportation, exclusive of the driver's time, was as follows: 1st year $277.44, 2nd year $1,157.40, 3rd year $1,339.02, 4th year $1,446.22 and 5th year $2,023, or a total of $6,243.08.

There appears little dispute that such child was qualified for education as a physically-handicapped child by reason of which plaintiffs urged that the school law provides for such special education by a district and that as such district does not maintain adequate facilities, then such district must pay for the cost of transportation to a district where such special educational facilities are available. They cite Illinois Revised Statutes, chapter 122 (Schools) sections 12–20 to 12–30 [1951; Jones Ill. Stats. Ann. 123.948–123.958]. Section 12–20 provides that school districts may provide special educational facilities for physically-handicapped children and defines this classification so as to include the child of plaintiffs. Section 12–24 [Jones Ill. Stats. Ann. 123.952] provides that if a child, resident of one school district, because of his handicap, attends a class or school for such type of children in another school district, the school district in which

326

he resides shall pay to the school district maintaining the school or class he attends his tuition in a sum equal to the per capita cost of educating normal children in the district of his residence. The pertinent provision of this section is contained in the following sentence: "The school board of the school district in which any such child resides shall pay for his transportation to the class in the other school district." Section 12–26 [Jones Ill. Stats. Ann. 125.954] provides that the aggregate excess cost of furnishing special educational facilities to handicapped children is an annual charge in this case not to exceed $300 as to each child against the State of Illinois, to be paid to the school boards through the County Superintendent of Schools on the warrant of the Auditor of Public Accounts. Attention is called to the express language of this section as follows: "The aggregate excess cost of furnishing special educational facilities to the type of children described in Section 12–20 *as determined, computed* and *reported by the school officials* is a charge . . . against the state." In addition to these provisions there are other sections of the school code which must be considered. In section 2–9 it is provided that the Superintendent of Public Instruction shall have the power and duty "to make rules necessary to carry into efficient and uniform effect all laws for establishing and maintaining free schools in the state." Section 2–10 [Jones Ill. Stats. Ann. 123.622] provides the further power and duty in such superintendent "to be the legal adviser of school officers, and, when requested by any school officer, *to give his opinion in writing upon any* question arising under the school laws of the state." Section 12–22 [Jones Ill. Stats. Ann. 123.950] with reference to educational facilities for handicapped children provides in part, "All special educational facilities shall be under the supervision of the Superintendent of Public Instruction. The Superintendent

of Public Instruction shall prescribe the standards and approve the conditions under which the facilities are furnished. He shall make necessary rules and shall be responsible for determining the eligibility of children to receive special education.''

■ ■ All of the provisions of the school law must be considered in attempting to properly decide the merits of the instant case. It would seem clear that under the circumstances the law must be construed to mean that parents without consultation with, authority and direction by the proper school officials, cannot arbitrarily make their own determination that their child is properly classified as physically handicapped within the meaning of the Act, select the school of their choice, and regardless of distances involved, transportation expense or other conditions, incur a liability against the school district in which such child is a resident. To hold otherwise would lead to the absurd but equally logical conclusion that a child could be transported by plane to a school some three-hundred miles away at an intolerable expense to the district. It seems reasonable that a proper interpretation of the law means that under such circumstances the parents should consult with the proper school officials, have a determination made that the child is physically handicapped, and have the school officials make mutually satisfactory arrangements for attendance at, and transportation to and from, a proper school where special facilities are available. When this is done the school district is in a position to obtain the approval of the Superintendent of Public Instruction, obtain the state aid provided for by statute, and to include in the annual budget and tax levy of the district an amount equal to such cost.

■ ■ In the instant case for the first two years no arrangements of any kind were made with the school officials who had no opportunity of obtaining state aid

328

nor of making adequate provision in the school budget and tax levy by reason of which plaintiffs clearly cannot recover any part of the expense of transportation for these two years. As to the third, fourth and fifth year, the County Superintendent of Schools, Mr. Reed, testified that no agreement was made with plaintiffs for transportation except as allowed by the State. Under date of August 30, 1948, the Superintendent of Public Instruction wrote a letter to Mr. Reed stating that in his opinion the district ought to pay transportation charges up to the amount of $300 per year and that such district could receive reimbursement for such amount from the State. Plaintiffs were tendered by the district the sum of $300 for the year 1947–48, a like amount for the year 1948–49 and a like amount for the year 1949–50, which the plaintiffs refused to accept. If the plaintiffs believed that the amount tendered for the year 1947–48 was inadequate they should have taken appropriate steps at that time to have a determination reached on the subject. However, knowing that they were to receive but $300 a year, they persisted in their own manner and cannot now be entitled to recover any excess amount.

In the opinion of this court the plaintiffs were entitled to receive $300 a year for each of said three years, or a total of $900 in accordance with the judgment of the circuit court. Such judgment is therefore affirmed.

*Affirmed.*